# EXHIBIT 1

Electronically Filed
12/13/2022 12:23 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES A. ORONOZ, ESQ.
Nevada Bar No. 6769
THOMAS A. ERICSSON, ESQ.
Nevada Bar No. 4982
ORONOZ & ERICSSON, LLC
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145
Telephone: (702) 878-2889
Facsimile: (702) 522-1542
jim@oronozlawyers.com
tom@oronozlawyers.com

ROBERT D. VANNAH, ESQ.
Nevada Bar No. 002503
JOHN B. GREENE, ESQ.
Nevada Bar No. 004279
VANNAH & VANNAH
400 S. Seventh Street, Suite 400
Las Vegas, Nevada 89101
rvannah@vannahlaw.com
*Attorneys for Plaintiffs*

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELA AHMET, Individually, and as Heir of the ESTATE OF AKSOY AHMET, Deceased, and as Special Administrator of the ESTATE OF AKSOY AHMET, Deceased; JASMINE AHMET, Individually, and as Heir of the ESTATE OF AKSOY AHMET, Deceased; EMRE AHMET, Individually, and as Heir of the ESTATE OF AKSOY AHMET, Deceased; and EREN AHMET, Individually, and as Heir of the ESTATE OF AKSOY AHMET, Deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>JORDAN ALEXANDER BARSON, an Individual: DAVID FRANKLIN MERRILL, an Individual; ROADRUNNER TRANSPORT AZ, INC., a Foreign Corporation; ROADRUNNER COURIERS, LLC, a Foreign Limited Liability Company; GENERAL LOGISTICS SYSTEMS US. | CASE NO.:   A-22-849847-C<br><br>DEPT NO.:   16<br><br>*Consolidated with:*<br>Case No. A-21-845359-C (Trauger)<br>Case No. A-22-846444-C (Brown)<br>Case No. A-22-848990-C (Gonzalez)<br>Case No. A-22-849059-C (Estate of Leis)<br>Case No. A-22-850157-C (Ducrocq)<br>Case No. A-22-851301-C (Merrill)<br>Case No. A-22-851555-C (Ray)<br>Case No. A-22-851569-C (Vasquez)<br><br><br>**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**Arbitration Exemption Requested: Damages Exceed $50,000.00** |

1

INC., a Foreign Corporation; GLS-U.S. HOLDINGS, INC., a Foreign Corporation; GENERAL LOGISTICS SYSTEMS US INTERIM, INC., a Foreign Corporation; GENERAL LOGISTICS SYSTEMS NORTH AMERICA, INC., a Foreign Corporation; PENSKE TRUCK LEASING CO., LP, a Foreign Limited Partnership; PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY, a Foreign Corporation; DOE INDIVIDUALS 1 through 40; ROE CORPORATIONS 1 through 40; DOE EMPLOYEES 1 through 40; ROE EMPLOYERS 1 through 40; DOE NEGLIGENT EMPLOYEES 1 through 40; ROE NEGLIGENT COMPANIES 1 through 40; DOE NEGLIGENT DRIVERS 1 through 40; ROE NEGLIGENT TRANSPORTATION COMPANIES 1 through 40; ROE COMMERCIAL TRANSPORTATION COMPANIES 1 through 40; ROE DELIVERY COMPANIES 1 through 40; ROE FREIGHT COMPANIES 1 through 40; ROE TRUCKING COMPANIES 1 through 40; ROE COURIER COMPANIES 1 through 40; ROE CARRIER COMPANIES 1 through 40; ROE LEASING COMPANIES 1 through 40; ROE RENTAL TRUCK COMPANIES 1 through 40; DOE RIDER LEADER(S) 1 through 40; and ROE SUBCONTRACTORS 1 through 40, inclusive,

Defendants.

Plaintiffs ANGELA AHMET, JASMINE AHMET, EMRE AHMET, and EREN AHMET, by and through their attorneys of record, James A. Oronoz, Esq., and Thomas A. Ericsson, Esq., of ORONOZ & ERICSSON, LLC, and Robert D. Vannah, Esq., of VANNAH & VANNAH, hereby demand a trial by jury and complain and allege against Defendants as follows:

2

## I.

## INTRODUCTION

This matter arises out of a horrific traffic crash that occurred when JORDAN ALEXANDER BARSON, while employed as a commercial driver for ROADRUNNER TRANSPORT AZ, INC. and ROADRUNNER COURIERS, LLC, a local subcontractor for GENERAL LOGISTICS SYSTEMS US, INC. and/or GLS-U.S. HOLDINGS INC. and/or GENERAL LOGISTICS SYSTEMS US INTERIM, INC., and/or GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., was operating a commercial box truck while under the influence of controlled substances and plowed through a group of Las Vegas cyclists, killing five, including AKSOY AHMET.

## II.

## PARTIES AND JURISDICTION

1.      That all incidents described herein occurred in the County of Clark, State of Nevada.

2.      That Plaintiff ANGELA AHMET and Decedent, AKSOY AHMET, at all times mentioned herein, were husband and wife and residents of Clark County, Nevada. Plaintiff ANGELA AHMET brings this action individually and as the surviving spouse of the deceased, AKSOY AHMET.

3.      That Plaintiff ANGELA AHMET, as the Special Administrator of the ESTATE OF AKSOY AHMET, is authorized to file and maintain this action on behalf of the ESTATE OF AKSOY AHMET and exercise such other powers as may be necessary or as are conferred upon her by reason of her appointment.

4.      That Plaintiff JASMINE AHMET is the daughter of Decedent AKSOY AHMET and brings this action individually and as the surviving heir of the deceased, AKSOY AHMET.

3

5.      That Plaintiff EMRE AHMET is the son of Decedent AKSOY AHMET and brings this action individually and as the surviving heir of the deceased, AKSOY AHMET.

6.      That Plaintiff EREN AHMET is the son of Decedent AKSOY AHMET and brings this action individually and as the surviving heir of the deceased, AKSOY AHMET.

7.      That upon information and belief, Defendant JORDAN ALEXANDER BARSON is, and at all times pertinent hereto was, a resident of the State of Arizona.

8.      That upon information and belief, Defendant DAVID FRANKLIN MERRILL is, and at all times pertinent hereto was, a resident of the State of Nevada.

9.      That upon information and belief, ROADRUNNER TRANSPORT AZ, INC., is and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

10.     That upon information and belief, ROADRUNNER COURIERS, LLC, is and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

11.     That at all pertinent times hereto, Defendant JORDAN ALEXANDER BARSON, was an employee and/or representative and/or agent of Defendant ROADRUNNER TRANSPORT AZ, INC., and/or Defendant ROADRUNNER COURIERS, LLC.

12.     That at all pertinent times hereto, Defendant JORDAN ALEXANDER BARSON, was acting within the course and scope of his employment with Defendant ROADRUNNER TRANSPORT AZ, INC., and/or Defendant ROADRUNNER COURIERS, LLC.

13. That pursuant to NRS 41.130, Defendants, including but not limited to ROADRUNNER TRANSPORT AZ, INC., and/or ROADRUNNER COURIERS, LLC, are vicariously liable for the damages caused by their employee's actions and negligence.

14. That Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendant ROADRUNNER TRANSPORT AZ, INC. and/or Defendant ROADRUNNER COURIERS, LLC, was acting as principal and was negligent in the selection, hiring and/or training of Defendant JORDAN ALEXANDER BARSON, or ratified the conduct of Defendant JORDAN ALEXANDER BARSON, as an agent, servant, employee, employer, or joint venturer.

15. That upon information and belief, GENERAL LOGISTICS SYSTEMS US, INC., is, and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

16. That upon information and belief, GLS-U.S. HOLDINGS INC., is, and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

17. That upon information and belief, GENERAL LOGISTICS SYSTEMS US INTERIM, INC., is, and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

18. That upon information and belief, GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., is, and at all times pertinent hereto was, a foreign corporation authorized to

5

do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial freight, shipping, trucking and/or commercial interstate transportation services.

19.    That upon information and belief, ROADRUNNER TRANSPORT AZ, INC. and/or ROADRUNNER COURIERS, LLC., are, and at all times pertinent hereto were, local subcontractors for GENERAL LOGISTICS SYSTEMS US, INC. and/or GLS-U.S. HOLDINGS INC. and/or GENERAL LOGISTICS SYSTEMS US INTERIM, INC. and/or GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., and provided commercial freight, shipping, trucking and/or commercial interstate transportation services.

20.    That upon information and belief, PENSKE TRUCK LEASING CO., LP., is, and at all times pertinent hereto was, a foreign limited partnership authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial truck leases for commercial freight, shipping, trucking and/or commercial interstate transportation services.

21.    That upon information and belief, PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY, is, and at all times pertinent hereto was, a foreign corporation authorized to do, and doing business in the County of Clark, State of Nevada, and was engaged in the business of providing commercial truck leases for commercial freight, shipping, trucking and/or commercial interstate transportation services.

22.    That upon information and belief, PENSKE TRUCK LEASING CO., LP. and/or PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY are, and at all times pertinent hereto were, the registered owners of the 2019 Isuzu NPR HD Box Truck, vehicle identification number

6

JALC4W166K7008281, and were engaged in the business of providing commercial truck leases for commercial freight, shipping, trucking and/or commercial interstate transportation services.

23. That the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants herein designated as DOE INDIVIDUALS 1 through 40; ROE CORPORATIONS 1 through 40; DOE EMPLOYEES 1 through 40; ROE EMPLOYERS 1 through 40; DOE NEGLIGENT EMPLOYEES 1 through 40; ROE NEGLIGENT COMPANIES 1 through 40; DOE NEGLIGENT DRIVERS 1 through 40; ROE NEGLIGENT TRANSPORTATION COMPANIES 1 through 40; ROE COMMERICAL TRANSPORTATION COMPANIES 1 through 40; ROE DELIVERY COMPANIES 1 through 40; ROE FREIGHT COMPANIES 1 through 40; ROE TRUCKING COMPANIES 1 through 40; ROE COURIER COMPANIES 1 through 40; ROE CARRIER COMPANIES 1 though 40, ROE LEASING COMPANIES 1 through 40; ROE RENTAL TRUCK COMPANIES 1 through 40; ROE RIDE LEADER(S) 1 through 40; and ROE SUBCONTRACTORS 1 through 40, are unknown to Plaintiffs at this time who therefore sue said Defendants by fictitious names. Plaintiffs allege that each named Defendant herein designated as DOE and/or ROE is negligently, willfully, contractually, or otherwise legally responsible for the events and happenings referred to herein and proximately caused injury and damages to Plaintiffs as alleged herein. Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when the same have been ascertained and will further seek leave to join said Defendants in these proceedings.

24. That Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, Defendants and each of them, were agents, servants, employees, partners, or joint venturers of their co-defendants and that in doing the acts herein alleged, were acting within the course and scope of said agency, employment, partnership, or joint venture. Each and every

7

Defendant aforesaid was acting as a principal and was negligent or grossly negligent in the selection, retention, hiring, and training of each and every other Defendant or ratified the conduct of every other Defendant as an agent, servant, employee, or joint venturer.

## III.

## FACTUAL ALLEGATIONS

25.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

26.    That on or about December 10, 2020, Decedent AKSOY AHMET was part of a group of cyclists who were participating in an annual 130-mile bike ride, traveling on the U.S. 95 highway from the M Resort Spa Casino in Henderson, Nevada through Searchlight, Nevada.

27.    That the group was accompanied by a safety escort vehicle, a 2019 Subaru Outback, which, at the time of the collision, Defendant DAVID FRANKLIN MERRILL was operating. The group of cyclists were divided into two groups, with one group of cyclists in front of the escort vehicle and the other group of cyclists behind the escort vehicle. AKSOY AHMET was traveling with six other cyclists in the rear of the escort vehicle.

28.    That at approximately 9:39 a.m., Defendant JORDAN ALEXANDER BARSON ("BARSON"), while operating the subject 2019 Isuzu NPR HD Box Truck southbound in the number two travel lane, approached the group of cyclists. BARSON then proceeded to plow his box truck into AKSOY AHMET and the six other cyclists that were traveling in the rear of the escort vehicle, causing them to be ejected from their respective bicycles.

29.    Tragically, AKSOY AHMET and four other cyclists died due to their injuries. At all times mentioned herein, AKSOY AHMET was operating his bicycle in a reasonable and prudent manner, with due caution and regard, consistent with the laws of the State of Nevada.

8

30.    Subsequent blood tests revealed that BARSON had nine (9) times the legal limit of methamphetamine in his system. BARSON was arrested and charged with five (5) counts of Driving Under the Influence Resulting in Death, one (1) count of Driving Under the Influence Resulting in Substantial Bodily Harm, five (5) counts of Reckless Driving Resulting in Death, and one (1) count of Reckless Driving Resulting in Substantial Bodily Harm. BARSON has since pled guilty to two (2) counts of Driving Under the Influence Resulting in Death.

31.    That, as a direct and proximate result of Defendants' acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

33.    That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

34.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

35.    That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

9

36. That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

37. That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## IV.

### FIRST CAUSE OF ACTION

**(Negligence Against Defendants JORDAN ALEXANDER BARSON, DAVID FRANKLIN MERRILL And All Named DOES and ROES)**

38. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

39. That Defendants, and each of them, including ROE RIDE LEADER(S) 1 through 40, owed a duty of care to the Decedent AKSOY AHMET, to operate their vehicles in a reasonable and safe manner.

40. That Defendant, JORDAN ALEXANDER BARSON, breached his duty of care by causing the 2019 Isuzu NPR HD Box Truck to strike Decedent AKSOY AHMET.

41. That Defendant, DAVID FRANKLIN MERRILL, breached his duty of care while operating the safety escort vehicle, a 2019 Subaru Outback, by, among other things, failing to properly follow Decedent AKSOY AHMET to ensure his visibility and safety.

42. That Defendant(s) DOE RIDE LEADER(S), and each of them, failed to perform their responsibilities by, among other things, failing to instruct riders to hold the line, failing to instruct riders to maintain a steady pace, failing to instruct riders to ride on the paved shoulder of the highway, failing to instruct riders to wear high-visibility gear, and requiring riders to have high-intensity brightness red taillights and back-up lights for when batteries failed.

43.    That Defendant(s) DOE RIDE LEADER(S), and each of them, failed to perform their duties as ride leader, which led and/or contributed to the subject crash.

44.    That, as a direct and proximate result of Defendants' acts and/or omissions to act, including DOE RIDE LEADER(S), Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

45.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

45.    That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

47.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

48.    That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

49.    That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

50.    That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring

attorneys' fees and costs to bring this action.

## V.

## SECOND CAUSE OF ACTION

**(Negligence *Per Se* – Violation of NRS 484B.603 and NRS 484C.430 Against Defendant JORDAN ALEXANDER BARSON And All Named DOES and ROES)**

51.     Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

52.     That at all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendant JORDAN ALEXANDER BARSON.

53.     That AKSOY AHMET, deceased, was a member of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

54.     That the acts of Defendant JORDAN ALEXANDER BARSON, as described herein, violated Nevada statutes, ordinances, and regulations, specifically, NRS 484B.603, et. seq., and NRS 484C.430, et. seq., which constitutes negligence *per se*.

55.     That AKSOY AHMET, deceased, sustained injuries that were the type that said statutes, ordinances, and regulations were intended to prevent.

56.     That, as a direct and proximate result of Defendant's acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

57.     That, as a further direct and proximate result of Defendant's acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

12

58. That, pursuant to NRS 42.010, as a direct and proximate result of Defendant's acts and/or omissions to act, Plaintiffs may recover any penalties, including, but not limited to, exemplary or punitive damages, that Decedent AKSOY AHMET would have recovered if he had survived.

59. That, as a further direct and proximate result of the negligence of Defendant, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

60. That, as a further direct and proximate result of Defendant's acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

61. That, as a further direct and proximate result of the aforementioned acts of Defendant, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

62. That, as a direct and proximate result of Defendant's acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

63. That, as a direct and proximate result of the aforementioned negligence of Defendant, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## VI.
## THIRD CAUSE OF ACTION

**(Negligent Entrustment Against Defendants ROADRUNNER TRANSPORT AZ, INC., ROADRUNNER COURIERS, LLC, GENERAL LOGISTICS SYSTEMS US, INC., GLS-U.S. HOLDINGS INC., GENERAL LOGISTICS SYSTEMS US INTERIM, INC., GERENAL LOGISTICS SYSTEMS NORTH AMERICA, INC., PENSKE TRUCK LEASING CO., LP, PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY And All Named DOES**

**and ROES)**

64.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

65.    That Defendants, and each of them, owed a duty of care to Plaintiffs.

66.    That Defendants ROADRUNNER TRANSPORT AZ, INC., ROADRUNNER COURIERS, LLC, GLS-U.S. HOLDINGS, INC., GENERAL LOGISTICS SYSTEMS US, INC., GENERAL LOGISTICS SYSTEMS US INTERIM, INC., GENERAL LOGISTICS SYSTEMS NORTH AMERICA, INC., PENSKE TRUCK LEASING CO., LP, and PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY knew or should have known that Defendant JORDAN ALEXANDER BARSON, was inexperienced, incompetent, and/or unfit to drive the subject 2019 Isuzu NPR HD Box Truck.

67.    That Defendants, and each of them, breached that duty to Plaintiffs, by knowingly entrusting the subject 2019 Isuzu NPR HD Box Truck to an inexperienced, incompetent, and/or unfit person.

68.    That, as a direct and proximate result of Defendants' acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

69.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

14

70.    That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

71.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

72.    That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

73.    That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

74.    That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**VII.**

**FOURTH CAUSE OF ACTION**

**(Negligent Hiring, Training, Retention, and Supervision Against Defendants ROADRUNNER TRANSPORT AZ, INC., ROADRUNNER COURIERS, LLC, GENERAL LOGISTICS SYSTEMS US, INC., GLS-U.S. HOLDINGS INC., GENERAL LOGISTICS SYSTEMS US INTERIM, INC., GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., PENSKE TRUCK LEASING CO., LP, PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY And All Named DOES and ROES)**

75.    Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

15

76.    That Defendants had a duty to properly and adequately hire, train, retain, and supervise personnel under their control so as to avoid unreasonable risk of harm to the general public.

77.    That Defendants were responsible for the hiring, training, retaining, supervision, and control of its employees and/or agents, including Defendant JORDAN ALEXANDER BARSON, and as a direct and proximate result of Defendants' negligence in hiring, training, supervising, and controlling its employees and/or agents, including Defendant JORDAN ALEXANDER BARSON, Plaintiffs suffered injuries and damages as herein alleged.

78.    That, as a direct and proximate result of Defendants' acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

79.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

80.    That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

81.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

16

82. That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

83. That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

84. That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## VIII.
## FIFTH CAUSE OF ACTION

**(Vicarious Liability/Respondeat Superior Against Defendants ROADRUNNER TRANSPORT AZ, INC., ROADRUNNER COURIERS, LLC, GENERAL LOGISTICS SYSTEMS US, INC., GLS-U.S. HOLDINGS INC., GENERAL LOGISTICS SYSTEMS US INTERIM, INC., GENERAL LOGISTICS SYSTEMS NORTH AMERICA INC., PENSKE TRUCK LEASING CO., LP, PENSKE LEASING AND RENTAL COMPANY BUSINESS TRUST a/k/a PENSKE LEASING AND RENTAL COMPANY And All Named DOES and ROES)**

85. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

86. That at all times mentioned herein, Defendant JORDAN ALEXANDER BARSON was an employee and/or agent and/or contractor of Defendants.

87. That upon information and belief, at the time of the Collision, Defendant JORDAN ALEXANDER BARSON was acting within the course and scope of his employment with Defendants while driving.

88. That upon information and belief, at the time of the Collision, Defendant JORDAN ALEXANDER BARSON was on a business errand on behalf of Defendants or furthering Defendants' business purpose.

17

89.     That upon information and belief, Defendant JORDAN ALEXANDER BARSON was under Defendants' control at the time of the collision.

90.     That upon information and belief, the relationship between Defendants and Defendant JORDAN ALEXANDER BARSON is that of superior and subordinate.

91.     That as Defendant JORDAN ALEXANDER BARSON's employer, Defendants are vicariously liable for all of Defendant JORDAN ALEXANDER BARSON's actions, omissions and inactions performed within the course and scope of his agency, ostensible agency, joint venture, contractual or employment relationship with Defendants.

92.     That as a direct and proximate result of the acts of Defendants, and each of them, Plaintiffs, are entitled to a judgment against Defendants stating that they are vicariously liable for all of Defendant JORDAN ALEXANDER BARSON's actions herein.

93.     That, as a direct and proximate result of Defendants' acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

94.     That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

95.     That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

96.     That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable

18

support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

97. That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

98. That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

99. That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## IX.
## SIXTH CAUSE OF ACTION

**(Wrongful Death Pursuant to NRS 41.085 Against All Defendants
And All Named DOES and ROES)**

100. Plaintiffs repeat and re-allege the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

101. That, the death of Decedent AKSOY AHMET was caused by the wrongful acts, omissions, and/or negligence of the Defendants, and each of them.

102. That at all times relevant hereto, Plaintiff ANGELA AHMET, as the lawful wife of the deceased, AKSOY AHMET, was and is entitled to the society, comfort, affection, services, companionship, and consortium of her husband.

103. That at all times relevant hereto, Plaintiffs JASMINE AHMET, EMRE AHMET and EREN AHMET, as heirs of the deceased, AKSOY AHMET, were and are entitled to the society, comfort, affection, services, companionship, and consortium of their father.

19

104.    That pursuant to NRS 41.085(2), "[w]hen the death of any person… is caused by the wrongful act or neglect of another, the heirs of the decedent and the personal representatives of the decedent may each maintain an action for damages against the person(s) who caused the death."

105.    That Plaintiffs, as the surviving heirs of the deceased, AKSOY AHMET, are entitled to maintain an action for damages against each Defendant for wrongful death, including, but not limited to, probable support and all damages set forth in NRS 41.085.

106.    That, as a direct and proximate result of Defendants' acts and/or omissions to act, Decedent AKSOY AHMET was fatally injured, and prior to his death was caused to suffer great pain of body and mind, disfigurement, mental anguish, shock and agony, and loss of enjoyment of life, all to Plaintiffs' general and compensatory damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

107.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Decedent, due to his fatal injuries, sustained a loss of future earnings, and loss of past and future earning capacity.

108.    That, as a further direct and proximate result of the negligence of Defendants, the ESTATE OF AKSOY AHMET may recover funeral expenses and any special damages, which the Decedent AKSOY AHMET incurred or sustained before his death.

109.    That, as a further direct and proximate result of Defendants' acts and/or omissions to act, Plaintiffs may recover pecuniary damages for their grief or sorrow, loss of probable support, companionship, society, comfort, damages for pain and suffering or disfigurement, and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

110.    That, as a further direct and proximate result of Defendants' acts, Plaintiffs have suffered severe emotional distress, loss of society, loss of companionship, loss of probable

20

support and comfort, grief, sorrow, mental pain and suffering, psychiatric impairment, and loss of enjoyment of life and may recover pecuniary damages in excess of Fifteen Thousand Dollars ($15,000.00), and none of such damages shall be liable for any debt of the Decedent AKSOY AHMET.

111.    That, as a further direct and proximate result of the aforementioned acts of Defendants, Plaintiffs have suffered a loss of past and future household services in an amount to be proven at trial.

112.    That, as a direct and proximate result of Defendants' acts, Plaintiffs have incurred general and special damages in excess of Fifteen Thousand Dollars ($15,000.00).

113.    That, as a direct and proximate result of the aforementioned negligence of Defendants, Plaintiffs have been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For general damages in an amount in excess of $15,000.00;

2.    For compensatory damages in an amount in excess of $15,000.00;

3.    For special damages in an amount in excess of $15,000.00;

4.    For pecuniary damages for Plaintiffs' grief or sorrow in an amount in excess of $15,000;

5.    For damages for conscious pain, suffering, disfigurement, mental anguish, and loss of enjoyment of life of the Decedent AKSOY AHMET in an amount in excess of $15,000;

6. For loss of earning capacity and future loss of earning capacity of Decedent AKSOY AHMET in an amount to be proven at trial;

7. For reimbursement of funeral expenses and any medical expenses which the Decedent AKSOY AHMET incurred or sustained before his death;

8. For damages for Wrongful Death in an amount in excess of $15,000.00;

9. For exemplary and punitive damages in an amount in excess of $15,000.00;

10. For costs of suit, reasonable attorneys' fees, interest incurred herein.

DATED this 13th day of December, 2022

James A. Oronoz, Esq.
Thomas A. Ericsson, Esq.
Oronoz & Ericsson, LLC
1050 Indigo Drive, Suite 120
Las Vegas, Nevada 89145

Robert D. Vannah, Esq.
John B. Greene, Esq.
Vannah & Vannah
400 S. Seventh Street, Suite 400
Las Vegas, Nevada 89101
*Attorneys for the Ahmet Plaintiffs*

22

**CERTIFICATE OF SERVICE (EDCR 8.05 (f))**

I hereby certify that the following parties are to be served as follows:

Electronically:

All Parties on the e-service list.

Dated this 13th day of December, 2022.

An Employee of the law firm of
**VANNAH & VANNAH**

23